**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| K.R., a minor, by her Parents | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SCHOOL DISTRICT OF PHILADELPHIA, et al. | : | NO. 06-2388 |

<u>**MEMORANDUM**</u>

**Baylson, J.**                                                                    **September 14, 2007**

Michelle Fisher and Charles Riley commenced this action on behalf of their daughter, K.R., a minor child with disabilities, against the School District of Philadelphia, Pennsylvania Mentor ("Pa. Mentor"), and several individual defendants.  Plaintiffs allege violations of: (1) the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 <u>et seq.</u>; (2) Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; (3) 42 U.S.C. § 1983; (4) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132; and (5) various provisions of the Pennsylvania state code.  Each of the defendants has moved to dismiss under Fed. R. Civ. P. 12(b)(6).[1]  For the reasons set forth below, the Court will dismiss the complaint with prejudice as to Pa. Mentor and its employees Nikki Shames and Dawn Vitello Mangan, but will not dismiss the complaint (with the exception of Count V) as to the School District and its employees, Paul Vallas, Joseph Bahm, Michelle Baruch and Larry Taylor.

---

[1] The individual school district defendants have also moved to dismiss for insufficient service of process under Rule 12(b)(5).

I.      **Factual and Procedural Background**[2]

Plaintiff, K.R., is a nine year old child with Autism Spectrum Disorder (also known as Asperger's Syndrome).  Before K.R. entered kindergarten at Solis-Cohen Elementary School, the School District evaluated her in May 2003 and developed an Individualized Education Program ("IEP") for her.  Although the evaluation did not diagnose K.R. with autism, the IEP provided for "as needed" assistance through the School Based Behavioral Health ("SBBH") program at Solis-Cohen Elementary.  In December 2003, halfway through K.R.'s first year of kindergarten, the school revised her IEP to include one-on-one therapy from a staff assistant at the Pa. Mentor network, an organization contracted by the School District to provide therapeutic staff support and "wraparound services."

The following school year, while K.R. was in first grade, the District eliminated her one-on-one support, and provided her with an "uncertified teacher for her instruction."  (Compl. ¶ 12).  During the same year, K.R. was verbally and physically assaulted by her classmates on a number of occasions, incidents which Plaintiffs claim the School District attempted to conceal.  (Compl. ¶¶ 16, 28(c)).  Fearful for K.R.'s safety and dissatisfied with the instruction she was receiving, K.R.'s parents withdrew her from Solis-Cohen Elementary in 2005, and have been home-schooling her since.[3]

In May 2005, K.R.'s parents sought a due process hearing under the IDEA, on the grounds that the District had failed to provide their daughter with a free appropriate public

---

[2] The following facts are taken from Plaintiff's Second Amended Complaint.

[3] The complaint states that K.R.'s parents began home-schooling her in January 2005, while the School District claims they began in March 2005.

education ("FAPE") and safe school environment.  After seven hearing sessions between July and December 2005, the Hearing Officer denied the parents' request for compensatory education and tuition reimbursement.  The Appeals Panel affirmed the Hearing Officer's decision on March 9, 2006, and Plaintiffs commenced this action on June 13, 2006.

## II.    Legal Standard

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments.  Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).  The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff.  Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).  A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff.  Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

## III.   Analysis

### A.    School District

The School District moves to dismiss Plaintiff's claims under the Rehabilitation Act and ADA (Counts II and IV) on the grounds that Plaintiff has not alleged K.R. was discriminated against because of her disability.  In order to establish a violation of the Rehabilitation Act, Plaintiff must demonstrate that: (1) she is a "handicapped individual"; (2) she is "otherwise qualified" for participation in the program; (3) the program receives "federal financial assistance"; and (4) she was "denied the benefits of" or "subject to discrimination" under the program.  Nathanson v. Medical Coll. of Pennsylvania, 926 F.2d 1368, 1380 (3d Cir. 1991).

Although a plaintiff must show that defendants knew or reasonably should have known of the child's disability, a plaintiff does not need to prove that defendants' discrimination was intentional.  <u>Ridgewood Bd. of Educ. v. N.E.</u>, 172 F.3d 238, 253 (3d Cir. 1999).  Title II of the ADA "extend[s] section 504's anti-discrimination principles to public entities," and the same substantive standards for determining liability apply under both statutes.  <u>Helen L. v. DiDario</u>, 46 F.3d 325, 332 (3d Cir. 1995); <u>Antol v. Perry</u>, 82 F.3d 1291, 1299 (3d Cir. 1996).

The facts as pled in the second amended complaint state a cause of action against the School District for violations of the Rehabilitation Act and ADA.  Plaintiffs assert the District: (1) failed to properly diagnose K.R.'s autism (Compl. ¶ 11); (2) failed to provide her with a free appropriate education or safe school environment (<u>Id.</u> ¶¶ 14-26); and (3) attempted to conceal incidents of bullying and assault by other students (<u>Id.</u> ¶¶ 16, 28(c)).  These allegations, if true, could establish that K.R. was denied the benefits of, excluded from participation in, or subjected to discrimination at Solis-Cohen Elementary, and are therefore sufficient to survive a motion to dismiss.[4]  <u>Accord</u> <u>Ridgewood</u>, 172 F.3d at 253 (vacating district court's grant of summary judgment on § 504 claim where plaintiff presented evidence that the school district failed to identify the student as learning disabled, failed to inform his parents of the school's IDEA responsibilities, and failed to provide him a FAPE); <u>Susavage v. Bucks County Sch. Intermediate</u>

_____

[4] The School District claims Plaintiff must also show Defendants acted in "bad faith" or exercised "gross misjudgment" in their treatment of K.R.  The Third Circuit has never required such a showing, and neither will this Court.  <u>Accord</u> <u>A.S. v. Kingsway Regional Sch. Dist.</u>, No. 04-4046, 2005 WL 2000179, at *7 (D.N.J. Aug. 18, 2005) ("[T]he Third Circuit does not require a Rehabilitation Act plaintiff to make a showing of bad faith or gross misjudgment."); <u>Irene B. v. Philadelphia Academy Charter Sch.</u>, No. 02-1716, 2003 WL 24052009, at *10 n.21 (E.D. Pa. Jan. 29, 2003) ("[O]ur court of appeals has never applied . . . a [bad faith or gross misjudgment] requirement [and there is] no law suggesting that our circuit ever will, nor any reason it should."); <u>N.S. v. Chester Upland Sch. Dist.</u>, 246 F.Supp.2d 409, 420 (E.D. Pa. 2002) (same).

<u>Unit No. 22</u>, No. 00-6217, 2002 WL 109615, at *19 (E.D. Pa. Jan. 22, 2002) (denying motion to dismiss § 504 claim where district allegedly did not provide guidance for student's safe transportation to school, and thus could be found to have effectively excluded her from participating in or receiving an equal educational opportunity).

**B.     Individual School District Defendants**

Defendants Paul Vallas, Joseph Bahm, Michell Byruch, and Dr. Larry Taylor ("the individual School District defendants") have moved to dismiss the complaint for insufficient service of process under Rule 12(b)(5) and failure to state a claim under Rule 12(b)(6).[5]

**1.     Service of Process**

Plaintiff filed the complaint on June 13, 2006, but did not serve the individual School District defendants until more than 120 days later, on April 25, 2007.[6]  On January 5, 2007, Plaintiff's counsel, Carol Herring, Esq., filed a motion to extend the time for service which the Court referred to Magistrate Judge Strawbridge.  (Doc. No. 13).  Judge Strawbridge held an <u>ex parte</u> conference with Ms. Herring on February 6, 2007 (arranged by leave of court) to discuss personal problems she was experiencing.  The Court held a preliminary pretrial telephone conference with all parties on March 30, 2007, and ordered Plaintiff to serve the individual School District defendants within thirty days. (Order, Apr. 3, 2007, Doc. No. 29)  The Court noted this would be "without prejudice to the legal position of the Defendants that Plaintiff should not be permitted to serve them in view of the fact that over 120 days [had] elapsed since

---

[5] Plaintiff only asserts two claims against the individual School District defendants: (1) a § 1983 claim (Count III); and (2) state law claims (Count V).

[6] One of the individual defendants, Dr. Taylor, was not served until April 27, 2007.

the prior summonses were purportedly issued."  (Id.).  However, the Court indicated it would

"probably not recognize this ground for dismissal" because of the "personal problems" Plaintiff's

counsel had discussed with Judge Strawbridge.  (Id.).

Rule 4(m) provides that if the plaintiff "shows good cause" for failure to effect service

within 120 days of filing the complaint, the court "shall" extend the time for service for an

appropriate period.  The Third Circuit has interpreted Rule 4 to "require a court to extend time if

good cause is shown and to allow a court discretion to dismiss or extend time absent a showing

of good cause."  Petrucelli v. Bohringer & Ratzinger, GMBH, 46 F.3d 1298, 1305 (3d Cir. 1995);

see also McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998) ("If

good cause has not been shown, however, the court still may grant the extension in the sound

exercise of its discretion.").  In light of the extenuating circumstances noted in the April 27, 2007

Order, the Court will exercise its discretion under Rule 4(m) and not dismiss the complaint

because of untimely service.

**2.    § 1983**

After the Third Circuit issued its decision in A.W. v. Jersey City Public Sch., 486 F.3d

791 (3d Cir. 2007), the individual School District defendants filed a supplemental motion to

dismiss Plaintiff's § 1983 claim.  In A.W., the Third Circuit held that "Congress did not intend

§ 1983 to be available to remedy violations of the IDEA [and Section 504]."  A.W., 486 F.3d at

803-806.  Accordingly, Defendants contend Plaintiff's § 1983 claim must be dismissed with

prejudice.

A.W., however, only mandates dismissal of § 1983 claims predicated on violations of the

IDEA and § 504.  In this case, Plaintiff has alleged that the individual defendants violated K.R.'s

constitutional (not statutory) rights.  (Compl. ¶ 52).[7]  A.W. is therefore inapposite and the Court

will not dismiss Count III as to these defendants.

      **C.**      **Pa. Mentor and its Employees**

      Pa. Mentor and its employees, Nikki Shames and Dawn Vitello Mangan, have moved to

dismiss Plaintiff's claims under the Rehabilitation Act, ADA and § 1983 for failure to state a

claim.  With respect to these defendants, the second amended complaint alleges only that: (1) the

School Based Behavioral Health workers had no guidelines as to how often they were to be in

class; (2) there was no evidence of how much time the workers actually spent with K.R. (Compl.

¶ 21); and (3) in December 2003, the School District improperly eliminated K.R's one-on-one

support provided by Pa. Mentor (Compl. ¶ 12).  The complaint fails to allege any specific acts,

statements or omissions by either of the individual defendants, Shames or Mangan, that would

subject them to liability.  Plaintiff's vague allegations are insufficient to state a claim against Pa.

Mentor or its employees under the ADA, § 504 or § 1983, and the Court will dismiss the second

amended complaint against these defendants with prejudice.  The Court has already provided

Plaintiff with ample opportunities to state a claim against these defendants, and will not allow

further amendment.  See Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272 (3d Cir.

2001) ("[A] motion for leave to amend a complaint [is] addressed to the sound discretion of the

district court.").

---

    [7] Although Count III only generally alleges that the defendants violated Plaintiff's
constitutional rights, other parts of the Complaint contain specific allegations that could support
an equal protection or due process claim.  See Compl. ¶ 13 ("[K.R.] was bullied and assaulted by
her classmates and District failed to provide for [her] safety."); ¶ 47 ("The District failed to
provide [K.R.] with a school environment as safe as that provided to students without
disabilities, and on account of her disability, [she] was assaulted. . . .").

**D.**   **State Law Claims Against All Defendants**

Plaintiff has also asserted state law claims against all Defendants under 22 Pa. Code §§ 14.26, 342.35 and 342.42.  However, as Plaintiff concedes in her response to Defendants' motions to dismiss, these provisions of the Pennsylvania Code are not operative.  The Court will therefore dismiss Count V as to each of the Defendants.

**IV.**   **Conclusion**

For the reasons stated above, the Court will dismiss Plaintiff's claims under § 504, the ADA, and § 1983 (Counts II, III and IV) as to defendants Pa. Mentor and its employees Shames and Mangan.  The Court will dismiss the state law claims (Count V) as to all Defendants. Plaintiff's § 504, ADA, and § 1983 claims against the School District and the individual district employees will not be dismissed.  An appropriate Order follows.

O:\CIVIL\06-2388 K.R v. School Dist Phila\K.R. v. Phila. Sch. Dist. - MTD Memo.wpd

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| K.R., a minor, by her Parents | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SCHOOL DISTRICT OF PHILADELPHIA, et al. | : | NO. 06-2388 |

**<u>ORDER</u>**

AND NOW, this   day of September 2007, for the reasons stated in the foregoing memorandum, it is hereby ORDERED that Defendants' motions to dismiss are disposed of as follows:

1.  Pa. Mentor, Shames & Mangan's Motion to Dismiss (Doc. No. 42) is GRANTED and all claims in the second amended complaint as to these Defendants (Counts II, III, IV and V) are dismissed with prejudice.

2.  The School District's Motion to Dismiss (Doc. No. 45) is DENIED as to the § 504 and ADA claims (Counts II and IV), and GRANTED as to the state law claims (Count V).

3.  The individual school district defendants' Motions to Dismiss (Doc. Nos. 46 and 50) are DENIED as to the § 1983 claim (Count III), and GRANTED as to the state law claims (Count V).

BY THE COURT:

s/Michael M. Baylson
_____
Michael M. Baylson, U.S.D.J.