IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| K.R., a minor, by her Parents | : | CIVIL ACTION |
| v. | : | |
| SCHOOL DISTRICT OF PHILADELPHIA, et al. | : | NO. 06-2388 |

**MEMORANDUM AND ORDER**
**RE: USE OF DIGITAL AUDIO RECORDING IN LIEU OF TRANSCRIPT**

**Baylson, J.**                                                                               **November 5, 2008**

      From smoke signals to e-mail (with telegraph, telephone, and texting along the way), humans have changed their habits to accommodate advances in technology. Digital audio recording of court proceedings is one of many advances in technology, designed to increase public access and decrease the cost of litigation.[1] Digital audio is another step up these stairs.

      Plaintiff has filed a Motion to Excuse the Filing of Transcript Excerpts (Doc. No. 127). Plaintiff intends to rely on the audio record of a jury trial which resulted in a defense verdict. This Motion, and also the post-trial motions themselves, make clear that the primary focus of the asserted legal errors is the Court's instructions to the jury. This was not a lengthy case. Not

---

[1] Legal scholars have also recognized the wide array of recent technological advances in public access to court proceedings and the variety of benefits arising from those advances. See generally Peter W. Martin, Online Access to Court Records - From Documents to Data, Particulars to Patterns (Cornell Law Sch. Legal Studies Res. Paper Series, Paper No. 08-003, Mar. 14, 2008), available at http://ssrn.com/abstract=1107412. As that author highlights, the Supreme Court has frequently listed many of the benefits that follow from the public availability of court proceedings. Id. at 3; Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 606 (1982) (upholding public access to criminal trials to allow citizens to oversee and "check the judicial process"); Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 508-09 (1984) (open courts facilitate a "community therapeutic value" for cases of public concern). In its role of giving final approval to changes in federal rules before submission to Congress, the Supreme Court has regularly approved rule changes recommended to take advantage of technology.

including jury selection, the trial took less than two days for the presentation of evidence. The jury instructions were prepared in writing, and a copy was provided to the jury. Plaintiff will probably cite and rely on certain portions of the trial testimony to give context to the allegedly erroneous jury instructions.

Defendants have filed a response in opposition to Plaintiff's Motion. Acknowledging that digital audio recording has been authorized as a means of making an official record of court proceedings since 1999, when it was approved by the Judicial Conference of the United States, Defendants mistakenly assume that Plaintiff's attorneys want to prepare a written transcript of the digital audio file themselves to support the post-trial motions. Plaintiff's reply makes clear that they have no intention of preparing such a transcript, but merely wish to refer to excerpts of the audio record in their post-trial briefs.

The consequences of relying on the audio, rather than the written, record are not profound. Although judges are used to relying on written transcripts of trials and testimony, a judge (and the law clerk who often makes the most detailed review of court proceedings relevant to post-trial motions) can secure sufficient knowledge of the trial record from a digital audio recording, just as from a written transcript.

The following steps are easily taken:

1.  The audio proceeding is "uploaded" from the courtroom recording to the case file and is docketed.

2.  The judge (and/or law clerk) locates the proceeding on the case's docket through the Case Management/Electronic Case Filing System ("CM/ECF"), available on the personal computer used by many judges and virtually all law clerks, (in this case, Docket Nos. 110-116).

3.  The user then "clicks" on the appropriate docket number, and the computer screen displays a description of the recording.

  4. Another "click" will start the recording, which can be heard through speakers or earphones.

  5. The computer screen displays the minutes and seconds elapsing as they are played. Counsel should provide the precise minute(s) and second(s) at which the relevant portion of the testimony occurred, and the judge/law clerk can then go directly to that portion. For example, if a relevant portion of the transcript is found at 3 minutes and 10 seconds after the hearing began, counsel should state that in their post-trial briefs.

  6. An on-screen cursor, controlled by the mouse, allows the user to advance the recording to the specific minute and second specified by counsel.

  7. By referencing the specific minute and second, the Court can easily locate specific testimony on the computer and play that portion through a speaker or headphones – just as counsel usually designate a particular part of a written transcript (by page and line) and the Court goes directly to that page and line in the written transcript. Thus, the judge need only listen to whatever portions of the proceeding the parties have cited in their briefs.

  The use of an audio file is more opportune than onerous. Human habits change. The Judicial Conference of the United States has authorized all federal district courts to rely on digital audio recording as a substitute for court reporters. This District Court for the Eastern District of Pennsylvania is currently one of a few select federal district courts chosen to participate in a pilot program that allows an audio recording to be "uploaded" onto the court's computerized docket and therefore to be accessible to the bar and public by means of the Internet, through the PACER[2] system. Remote PACER users can now listen to court proceedings, which improves the transparency of, and access to, federal court proceedings. The cost to a PACER user is minimal. Judicial Conference policy establishes a charge of eight cents (8¢) for uploading a particular hearing, 99% cheaper than the $26 that Judicial Conference rules require the court to charge for audio access to court proceedings through the purchase of a CD.

  The digital audio program, as it develops technologically and becomes accepted by

---

  [2]PACER stands for "Public Access to Court Electronic Records."

members of the judiciary, counsel, litigants, and the public, will most likely hasten the substitution of an audio record for the current reliance on written transcripts as the official court record in most cases.

Written transcripts will still be ordered – but they are expensive and substantially add to the costs of litigation. Digital audio is minimal in cost, and its use will save great amounts of paper by allowing the court record to be reviewed in audio form rather than through a written transcript.

There are also many advantages in the prompt transparency of court proceedings. Written transcripts take time to prepare, unless someone orders daily copy, which is very expensive. With digital audio recording, the record of a court hearing or trial will be uploaded shortly after the proceedings are completed, usually within one hour. A public with quick and cheap availability to court proceedings through digital audio is a public which can better understand what happens in court.

This is an appropriate case in which to proceed without written transcripts. My experience in using the digital audio record in this case will enhance the pilot program in which our District participates and allow other judges and court administrators to determine its strengths and weaknesses, needs for improvement, and in general, evaluate the efficacy of using digital audio to decide motions and reach verdicts in non-jury cases.

Federal court rules have long embraced advances in technology. Very recently, the Rules of Civil Procedure were amended by adding detailed procedures to deal with electronic discovery. Almost forty years ago, in 1970, Rule 30(b)(4) was adopted to allow for taking depositions by tape recorder in lieu of stenographic transcription. This was a dangerous concept

to many.  Our late esteemed colleague Judge Clifford Scott Green approved this procedure for a plaintiff who was a prisoner in a state institution, represented by student counsel, and wisely noted:

> The manifest purpose of the Rule is to facilitate the effective participation of the economically disadvantaged in the federal courts, through the lowering of costs as a result of the use of modern technology.  This purpose has special meaning in the case of suits by prisoners based on violations of their constitutional rights.  The federal courts have attempted to overcome the substantial practical impediments to the bringing of such suits.  Nevertheless, such impediments remain and Rule 30(b)(4) should be read in an attempt to render the ability to bring a suit in federal courts meaningful.  The countervailing policy relevant to the interpretation and application of Rule 30(b)(4) is the necessity for the trustworthiness and reliability of depositions.  We believe that a proper balancing of these considerations requires approval of the plaintiff's proposal.

Lucas v. Curran, 62 F.R.D. 336, 338 (E.D. Pa. 1974).

Defendants point out that if an appeal is taken, Federal Rule of Appellate Procedure 10(b)(1)(A) requires the appellant to "order from the reporter a transcript."  My Order only concerns the proceedings on post-trial motions in this Court.  Whether appellate courts will allow digital audio recordings to be used in place of written transcripts remains to be seen.

Although the use of digital audio proceedings on a wide basis in civil cases appears to be positive in all respects, there are additional considerations in some criminal cases.  If a defendant or witness has cooperated with the authorities, or the record would reveal the names or other identifiers of informants, cooperating witnesses, victims, or others who may be vulnerable to wrongdoing, then caution is required.  As part of our pilot program, the judge can simply decline the uploading of a hearing in a criminal case that contains such information.  In the future, just as

Rule 52, F. R. Civ. P., and Rule 49.1, F. R. Crim. P., now provide for redaction of facts protected by privacy laws or policies, the uploading of a digital audio recording can be accompanied by redaction of personal and sensitive information.[3] Judges are very concerned over the accessibility to such information by people with evil intentions, as most visibly seen by the notorious website "whosarat.com."

For the foregoing reasons, Plaintiff's Motion is GRANTED. Attached is a description of the Digital Audio File Electronic Access Pilot Program now in operation in this Court.

BY THE COURT:

s/Michael M. Baylson

Michael M. Baylson, U.S.D.J.

O:\CIVIL\06-2388 K.R v. School Dist Phila\K.R. v. Phila. School Dist - Memo Order transcripts.wpd

---

[3] In this Court, we have adopted a procedure requiring that documents which pertain to guilty pleas or sentencings be referred to on the docket merely as "plea document" or "sentencing document" so that an internet user will not know, from the docket itself, in a particular criminal case, whether the defendant has cooperated with authorities. Further enhancements to provide security for valuable law enforcement information is constantly under consideration.